IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBERT JUDY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action File |
| v. ) | No. |
| ) | |
| NU LIFE MED, LLC, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Robert Judy ("Judy" or "Plaintiff"), by and through undersigned counsel, and files this Complaint against Defendant Nu Life Med, LLC ("Defendant" or "Nu Life Med"), and shows the following:

### I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, along with liquidated and actual damages, attorney's fees and costs for Defendant's failure to pay federally

mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA").

## II.     Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant Nu Life Med, LLC is a New Hampshire limited liability company and resides in this district. Defendant does business in and is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff claims occurred in this district.

### III.  Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff has been employed by Defendant since September 2012.

7.

Throughout the above referenced period, Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

8.

Throughout his employment with Defendant (the relevant period for the named Plaintiff's claims) Plaintiff was employed by Defendant with the job title "sales and service representative".

9.

Throughout his employment with Defendant as a service and sales representative, Plaintiff was paid on a salary basis and was not provided overtime compensation for hours she worked in excess of (40) in given workweeks.

10.

Throughout his employment with Defendant as a sales and service representative, Plaintiff regularly worked an amount of time that was more than forty (40) hours in given workweeks and was not paid the overtime wage differential for many hours worked over (40) in such weeks.

11.

Throughout his employment with Defendant as a sales and service representative, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

12.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

13.

During the last three years, Defendant suffered or permitted Plaintiff to work in excess of (40) hours in given workweeks without receiving overtime compensation.

14.

During the last three years, Defendant knew or had reason to know that Plaintiff worked in excess of (40) hours in given workweeks without receiving overtime compensation.

15.

Defendant is an "employer" within the definition of the FLSA, 29 U.S.C. §203(d).

16.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

17.

During the last three years, while employed by Defendant as a sales and service representative, Plaintiff's primary duty was the performance of non-exempt work, specifically delivering medical equipment to Defendant's customers in her personal vehicle and performing associated clerical work.

18.

In particular, Plaintiff spent his work days delivering cold compression machines and sometimes other equipment to patients, ensuring the equipment worked properly during the time such equipment was on lease to customers,

picking up the equipment at the end of rental period, and completing and uploading various documents associated with the deliveries.

19.

Plaintiff's primary duty as a sales and service representative was not making sales, as that term has been defined by the FLSA; nor was Plaintiff's primary duty obtaining orders or contracts for services or for the use of facilities.

20.

Throughout the last three years, Defendant employed "account managers" that were responsible for the selling and obtaining customers' orders for Defendant's marketplace offerings, including the equipment that was delivered by Plaintiff and other service and sales representatives.

## Count I

## Violation of the Overtime Wage Requirement of the Fair Labor Standards Act

31.

Defendant has violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff worked in excess of (40) hours in given workweeks.

32.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of (40) hours in a workweek.

33.

Defendant suffered and permitted Plaintiff to routinely work more than (40) hours per week without overtime compensation.

34.

Defendant's actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

35.

Defendant knew, or showed reckless disregard for the fact that it failed to pay Plaintiff and the Collective Class overtime compensation in violation of the FLSA.

36.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff, and thus has failed to make, keep and preserve records

with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

37.

Defendant's violations of the FLSA were willful and in bad faith, thus entitling Plaintiff to a three year statute of limitations for their claims.

38.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment against Defendant and awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C)　Grant declaratory judgment declaring that Plaintifff's rights have been violated and that Defendant willfully violated the FLSA;

(D)　Grant Plaintiff leave to add additional state law claims if necessary; and

(E)　Award Plaintiff such further and additional relief as may be just and appropriate.

This 2nd day of June, 2015.

**BARRETT & FARAHANY, LLP**

/s/ V. Severin Roberts
Amanda A. Farahany
Georgia Bar No. 646135
V. Severin Roberts
Georgia Bar No. 940504
Attorneys for Plaintiff Robert Judy

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile